*1180 OPINION.
TRAmmell:
These proceedings were heard upon the question of the statute of limitations.
With respect to the year 1917 the question is whether the bonds signed by the petitioner in connection with abatement claims had the effect of extending the period within which the tax might be collected. There is no controversy over the fact that if the instruments in question did not have that effect the collection of the tax was barred prior to the time of the notice from the respondent which is made the basis of these proceedings. On this question we think that the cases are controlled by our decision in the case of C. B. Shaffer, 12 B. T. A. 806, and American Powder Mills, 12 B. T. A. 305, wherein we held that the bonds did not have the effect of extending the period of limitation for the collection of the deficiencies.
With respect to the proceeding of William Scball, Docket No. 19163, no consents in writing were signed by the taxpayer and the Commissioner extending the statutory period for the assessment and collection of the tax. This leaves for 1918, in the case of this petitioner, only the question as to whether the bonds or so-called agree *1181 ment for security of payment of the taxes in which instrument William Schall was named as principal and William Schall & Co., a partnership, was described as surety, as set out in the findings of fact, is sufficient to toll the statute of limitations. This so-called security for the payment of the taxes is not a consent in writing for the collection of the tax after the expiration of the period of limitations to any greater extent than the bonds above referred to.
For the foregoing reasons, it is our opinion that the collection of the deficiencies involved is now barred by the operation of the statute of limitations.
Reviewed by the Board.

Judgments of no deficiency will be entered.